# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

___

Sai C. Thao,

                              Plaintiff,         Civ. No. 10-03 (RHK/JSM)
                                                     **ORDER**

v.

Deutsche Bank National Trust Company,

                              Defendant.

___

      On January 4, 2010, Plaintiff Sai C. Thao commenced this action, alleging that Defendant Deutsche Bank National Trust Company ("Deutsche Bank") violated various federal lending laws in connection with the mortgage on his home. Deutsche Bank has now moved to dismiss, arguing *inter alia* that Thao has failed to effect service of process. After the deadline for Thao to respond to the Motion passed without any action on his part, Deutsche Bank sent him a letter warning that his case likely would be dismissed absent a response. (See Doc. No. 12.) No opposition Memorandum or other document was forthcoming, however. A hearing on Deutsche Bank's Motion was held on May 26, 2010, at which Thao failed to appear.[1]

      The Federal Rules of Civil Procedure require a plaintiff to effect service within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the defendant is not served within that time frame, the Court "*must* dismiss the action without prejudice or order that

---

[1] Approximately one hour after the hearing concluded, Thao appeared at the undersigned's chambers, inquiring about the hearing. He was directed to submit a letter or other document to the Court in the event he intended to oppose Deutsche Bank's Motion. As of this date, no filing has been made, nor has the undersigned received any correspondence from Thao.

service be made within a specified time." Id. (emphasis added). Here, there is no evidence that Deutsche Bank has been served, see Fed. R. Civ. P. 4(l)(1) (plaintiff must file proof of service), and more than 120 days have passed since Thao filed his Complaint. Moreover, the Court perceives no reason to allow him additional time to effect service, insofar as he has not responded to Deutsche Bank's Motion. Accordingly, the Court will dismiss the Complaint under Federal Rule of Civil Procedure 4(m).

At oral argument, however, Deutsche Bank requested that the Court dismiss Thao's Complaint *with* prejudice, asserting that his claims are barred by the applicable statutes of limitations. The Court declines that request for several reasons.

First, Rule 4(m) expressly contemplates dismissal without prejudice where the plaintiff has failed to timely effect service. Second, by virtue of that failure here, the Court lacks personal jurisdiction over Deutsche Bank. See, e.g., Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885-86 (8th Cir. 1996). Courts should not address claims on the merits where personal jurisdiction is lacking. See, e.g., Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.").[2] Third, as this Court has recently recognized, "the statute of limitations is an

---

[2] A dismissal based on the statute of limitations is a dismissal on the merits. See, e.g., Fed. R. Civ. P. 41(b) ("[A]ny dismissal [other than for failure to prosecute or to comply with court orders] operates as an adjudication on the merits."); Plaut v. Spendthirft Farm, Inc., 514 U.S. 211, 228 (1995) ("[A] dismissal on statute-of-limitations grounds [is] a judgment on the merits.").

affirmative defense, which the defendant must plead and prove, and as a result the possible existence of [such a] defense is not ordinarily a ground for Rule 12(b)(6) dismissal" absent discovery.  Brown v. Ameriprise Fin. Servs., Inc., Civ. No. 09-2413, 2010 WL 1544173, at *7 (D. Minn. Apr. 16, 2010) (Kyle, J.) (internal quotation marks and citations omitted).  For all of these reasons, the Court concludes that dismissal of Thao's claims with prejudice would be inappropriate.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Deutsche Bank's Motion to Dismiss (Doc. No. 4) is **GRANTED** and Thao's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: June 3, 2010

    s/Richard H. Kyle
    RICHARD H. KYLE
    United States District Judge